**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SAMUDERA SHIPPING LINE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>PANCON SHIPPING & MARINE SERVICES PTE LTD.,<br><br>Defendant. | Case No.<br><br>IN ADMIRALTY |

## VERIFIED COMPLAINT

Plaintiff Samudera Shipping Line Ltd. ("SSL" or "Plaintiff"), by and through its attorneys, Blank Rome LLP, brings this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant Pancon Shipping & Marine Services Pte Ltd. ("Pancon" or "Defendant"), requesting issuance of process of maritime attachment and garnishment, including against Garnishee Great American Insurance Company ("GAIC" or "Garnishee"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure because it involves claims for breach of a maritime contract and indemnity arising out of a time charter party between Plaintiff and Defendant. This Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Rule B.

2. Venue is proper in this District because, upon information and belief, property belonging to the Defendant is, or during the course of these proceedings will be, located in the

Southern District of Ohio (the "District"), and garnishees in possession of Defendant's property are located and can be served within this District.

## THE PARTIES

3. Plaintiff is, and was at all relevant times, a foreign corporation duly organized and existing under the laws of Singapore.

4. Plaintiff was at all relevant times the time charterer of the general cargo and container vessel named the M/V GOLDEN STAR 1 (IMO: 8952857) (the "Vessel").

5. Upon information and belief, Defendant is, and was at all relevant times, a foreign corporation duly organized and existing under the laws of Singapore with a business address at 47 Lengkok Mariam, Singapore 509142.

6. Defendant was at all relevant times the owner of the Vessel.

7. Upon information and belief, Defendant cannot be found in this District within the meaning of Rule B. *See* Declaration of Noe S. Hamra, dated June 22, 2026 (the "Hamra Declaration") ¶¶ 3-9, attached hereto as **Exhibit A** and incorporated herein by reference.

8. Upon information and belief, GAIC is a corporation duly organized under the laws of Ohio with its corporate headquarters at Great American Insurance Group Tower, 301 E. Fourth St., Cincinnati, Ohio 45202.

9. Plaintiff reasonably believes GAIC has, or will have, possession, custody, or control of property of the Defendant, namely any amounts due or to become due under the Hull & Machinery policy with an insured value of SGD 1 million issued by GAIC's Singapore branch in respect of the Vessel.

## FACTUAL BACKGROUND

***Plaintiff Time Charters the Vessel from Defendant***

10. At all times relevant to this action, Plaintiff was the time charterer for the Vessel. Plaintiff is also listed as the carrier under the bills of lading for cargo aboard the Vessel.

11. Plaintiff time chartered the Vessel from Pancon Panama Inc. ("Pancon Panama"), as owners, pursuant to a time charter dated April 4, 2023 (together with all riders, and addenda, the "Time Charter"). A copy of the Time Charter is attached hereto as **Exhibit B** and incorporated herein by reference.

12. Pancon Panama subsequently transferred ownership of the Vessel to Defendant. Pancon Panama also novated the Time Charter to Defendant pursuant to a Novation Agreement dated October 9, 2025 (the "Novation Agreement") which was by and between Pancon Panama, Defendant, and Plaintiff. A copy of the Novation Agreement is attached hereto as **Exhibit C** and incorporated herein by reference.

13. Clause 57 of the Time Charter provides that Defendant, as owner, is responsible for "delay during the currency of the Charter and for loss or damage to goods onboard if such delay or loss has been caused by want of due diligence on the part of the Owners or their Manager in making the Vessel seaworthy and fitted for the voyage or any other personal act or omission or default of the Owners or their Manager."

14. Clause 59 of the Time Charter provides for the application of English law and the arbitration of any disputes arising under the Time Charter in Singapore.

***Sinking of the Vessel and Subsequent Claims***

15. On or about June 5, 2026, the Vessel sank within Indonesian territorial waters off the coast of Batam, Indonesia while laden with approximately 107 containers. All crew

were safely evacuated, recovery operations in respect of the containers remain ongoing, and the cause of the casualty remains under investigation.

16. Plaintiff is currently facing cargo claims in connection with the sinking of the Vessel and expects additional claims from multiple interests under bills of lading, indemnity claims up or down the charterparty chain, and exposure arising from salvage operations and potential pollution.

17. Accordingly, Plaintiff seeks indemnity from Defendant, as owner of the Vessel, in relation to the aforementioned claims.

18. Neither Plaintiff nor, upon information and belief, Defendant has posted security relating to the aforementioned claims.

***The Vessel's Insurance Coverage***

19. The Vessel is entered with the Singapore branch of Great American Insurance Company ("GAIC Singapore") for both protection and indemnity ("P&I") and hull & machinery ("H&M") cover. A copy of the H&M cover note for the Vessel is attached hereto as **Exhibit D** and incorporated herein by reference.

20. The H&M cover issued by GAIC Singapore identifies Defendant as Owner and lists an insured value of SGD 1 million (the "Proceeds").

21. The H&M policy provides that "[GAIC Singapore] will effect payment of agreed adjusted claims settlements within 14 working days of submission by Oneglobal Broking Singapore Pte Ltd." Upon information and belief, Oneglobal Broking Singapore Pte Ltd. is the broker identified in the H&M cover note in connection with claims administration and insurance communications.

22. Upon information and belief, Defendant submitted, or caused to be submitted,

a claim to GAIC immediately after the sinking of the Vessel.

23. Therefore, under the applicable terms of the H&M Policy, Plaintiff reasonably believes that any agreed adjusted claim settlement due to Defendant may be paid imminently.

***Reservation of Right to Arbitrate***

24. This action is expressly filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, without prejudice to arbitrating the merits of this dispute in Singapore.

25. Plaintiff expressly reserves the right to arbitrate the merits of its dispute with Defendant and brings this action solely to obtain quasi-in-rem jurisdiction and security for its claims.

**COUNT I: BREACH OF MARITIME CONTRACT**

26. Plaintiff repeats and realleges paragraphs 1-25 as if fully set forth herein.

27. At all relevant times, Plaintiff and Defendant were parties to the Time Charter.

28. Upon information and belief, Defendant breached the Time Charter by failing to provide a seaworthy Vessel.

29. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in the amount of at least $773,814.13 or SGD 1 million in today's exchange rate.

**COUNT II: REQUEST FOR ORDER OF MARITIME ATTACHMENT**

30. Plaintiff repeats and realleges paragraphs 1-29 as if fully set forth herein.

31. Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment in order to obtain security for claims against Defendant in connection with the sinking of the Vessel.

32. No security for Plaintiff's claims has been posted by Defendant, or anyone acting on its behalf, to date.

33. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for purposes of Rule B, *see* Hamra Decl. ¶¶ 3-9, but Defendant has, or will during the pendency of this action have, assets within this District comprising, *inter alia*, goods, chattels, credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belong to it, are claimed by it, are being held for it or on its behalf, are due to it, or are being transferred for its benefit, within this jurisdiction. *See id.* ¶¶ 10-17.

34. Plaintiff has reviewed the insurance policy for the Vessel, which indicates that Defendant has rights under the H&M Policy issued by GAIC and may be entitled to payment of the Proceeds, and therefore Plaintiff reasonably believes that GAIC has, or will have, possession, custody, or control of property of Defendant. *See* Hamra Decl. at ¶¶ 10-17.

35. The Time Charter provides for Singapore arbitration of disputes arising thereunder, and this action has been filed in accordance with Rule B to obtain *quasi in rem* jurisdiction over Defendant and to secure Plaintiff's claims.

36. The total amount of Defendant's property to be attached is $773,814.13.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays as follows:

(i) That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

(ii) That since Defendant cannot be found within the District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching Defendant's goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belong to it, are claimed by it, are being held for it or on its behalf, or which are being transferred for its benefit, within this District in an amount sufficient to secure Plaintiff's claims,

and that all persons claiming an interest in the property attached be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

(iii) That this Court enter an order appointing a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Rule B and authorizing service electronically and by personal service of the Process of Maritime Attachment and Garnishment on GAIC, or by any other means accepted by GAIC;

(iv) That the Court grant Plaintiff leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this action, be holding, or believed to be holding, property of the Defendant within this District;

(v) That the Court enter an order for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial personal service;

(vi) That, following attachment, this matter be stayed pending arbitration in Singapore, and that this Court retain jurisdiction over this matter through the entry of a final judgment or award associated with the claims including appeals thereof; and

(vii) That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Dated: New York, New York
June 22, 2026

**BLANK ROME LLP**

_*/s/ John R. Wirthlin*__________
John R. Wirthlin (OH 0031526)
Trial Attorney
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 362-8747
John.Wirthlin@blankrome.com

William R. Bennett III*
Noe S. Hamra*
Carmella R. O'Hanlon*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com
Carmella.Ohanlon@blankrome.com

* *Admission for pro hac vice forthcoming*

*Attorneys for Plaintiff Samudera Shipping Line Ltd.*

**ATTORNEY VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Noe S. Hamra, declares and states:

1. I am a partner with the law firm Blank Rome LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information, and belief.

2. I am authorized to make this Verification on behalf of Plaintiff.

3. The sources of my information and the grounds for my belief are communications, information, and documents provided by Plaintiff and/or by representatives or counsel of Plaintiff.

4. The reason this Verification is made by an attorney and not by Plaintiff is because Plaintiff is a foreign corporation with no officers or directors within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
June 22, 2026

_*/s/ Noe S. Hamra*_______
Noe S. Hamra